UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEXT COMMC'NS, INC. and NXTGN, INC.,

    Plaintiffs,

-v-

VIBER MEDIA, INC.,

    Defendant.

14-cv-8190 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of the attached letter from Plaintiffs, dated March 5, 2013, requesting to keep a non-redacted version of their original Complaint under seal and to file the non-redacted version of their Amended Complaint under seal. The Court is also in receipt of a letter from Defendant, dated March 10, 2015, opposing Plaintiffs' requests. (Doc. No. 25.)

A party requesting the sealing of a "judicial document," an item that is "relevant to the performance of the judicial function and useful in the judicial process," must overcome the "strong presumption of [public] access." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119, 121 (2d Cir. 2006). Furthermore, "[a] party seeking to preclude disclosure of trade secrets has the burden to show that the information in fact constitutes a trade secret, that disclosure would harm movant's competitive position[,] and that the asserted harm outweighs the presumption of public access." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 613 (S.D.N.Y. 1998). With respect to proving that the movant would suffer competitive harm, "vague

and conclusory allegations will not suffice;" the movant "must prove that disclosure would work a clearly defined and very serious injury." *Id.* (internal citations and quotation marks omitted).

Having reviewed non-redacted versions of the original Complaint and the Amended Complaint, the Court is unpersuaded that Plaintiffs have overcome the "strong presumption of access" to judicial documents. Plaintiffs failed to articulate with the requisite specificity the competitive harm that they would suffer from disclosure and Plaintiffs have not met their burden to show that the redacted information would in fact constitute a trade secret that would warrant sealing. Accordingly, IT IS HEREBY ORDERED THAT Plaintiffs shall file unredacted versions of the original Complaint and Amended Complaint by March 20, 2015.

SO ORDERED.

Dated:           March 13, 2015
                  New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE



March 5, 2015

*Via Electronic Mail*
*to sullivannysdchambers@nysd.uscourts.gov*

Honorable Richard J. Sullivan
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007

      Re:   *Next Comms. Inc., et al v. Viber Media, Sarl.*, Case No. 1:14-cv-08190-RJS

Dear Judge Sullivan:

    During the February 13, 2015, status conference, the Court ordered Next Communications, Inc. and NxtGn, Inc. (collectively "Next") to file an Amended Complaint, should it chose to do so, by March 5, 2015. The Court also asked Next to provide it with a letter brief, before docketing, addressing (1) whether there is a continued need to seal the non-redacted version of the original Complaint filed on or about October 14, 2014, and (2) whether Next's Amended Complaint should be filed under seal, with portions redacted from the publicly available version.[1] As will be detailed below, the non-redacted original Complaint should remain under seal, and Next should be permitted to file the non-redacted version of the Amended Complaint under seal.[2]

    Both versions of the complaint reference confidential trade secrets that should be protected from public disclosure under Rule 26(c)(1). *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.")

    While there is a presumption of openness with respect to judicial records, the Supreme Court explained that "the right to inspect and copy judicial records is not absolute" and may not extend to, among other things, "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also, e.g.*,

---

[1] The Court also asked the parties to brief why jurisdiction and venue are proper in New York, but to do so with any briefing on a motion to dismiss. (February 13, 2015 Hrg. Tr. at 22:17-25).
[2] Next's Amended Complaint is attached as Exhibit A to this letter, with the proposed redactions highlighted in yellow for the Court's convenience.

*Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers,* No. 07 CIV 2014, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) ("The interest in protecting business information that might harm a litigant's competitive standing has, at minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption [in favor of disclosure]."). Accordingly, the Second Circuit instructs District Courts to weigh "the privacy interests of those resisting disclosure" against the presumption of access to judicial documents. *Amodeo v. Meyer,* 71 F.3d 1044, 1050 (2d Cir. 1995).

Competitively sensitive business information, including trade secrets, need not be disclosed. *In re Zyprexa Prods. Liability Litig.,* No. 07 CIV 1310, 2007 WL 2340793, at *1 (E.D.N.Y. Aug. 16, 2007) (holding that documents cited within the complaint that may contain trade secrets or confidential commercial information are protected under Rule 26). Whether information merits protection depends on (1) the extent to which the information is known outside of Next, (2) the extent to which the information is known inside Next, (3) the measures taken to guard the secrecy of the information, and (4) the value of the information to Next and its competitors. *See Vesta Corset Co. v. Carmen Founds, Inc.,* No. 97 CIV 5139, 1999 WL 13257 at *2 (S.D.N.Y. Jan. 13, 1999).

The original and amended complaints contain exactly the type of confidential information that is protectable under Rule 26, and good cause exists to maintain the confidentiality of that information. Specifically, they include information relating to (1) the specific components[3] that are used as building blocks to form Next's unique advanced videoconferencing services, (2) the way that these components fit together to create a seamless final product, and (3) the process by which these components interact and work efficiently. These are Next's closely guarded trade secrets. *See Integrated Cash Management Services, Inc. v. Digital Transactions, Inc.,* 920 F.2d 171, 174 (2d Cir. 1990) (citing *Dickerman Assocs., Inc. v. Tiverton Bottled Gas Co.,* 594 F. Supp. 30, 35 (D.Mass.1984) ("[T]he particular combination of procedures used in plaintiff's [computer] system, and the particular features within the system ... are neither obvious nor easily duplicated. They constitute a trade secret.") The complaints also contain confidential commercial business information, namely details regarding the business idea that Next alleges Viber misappropriated.[4]

This information does not reside in the public domain, and Next has diligently safeguarded this information by limiting dissemination of this information to its own employees that need to

---

[3] The original Complaint identifies some of these individual components, which should remain under seal.

[4] Next's proposed redactions include public information about Viber's services. These redactions are necessary because the nature of Viber's services combined with the explanation of Next's technology could lead a reader of the Amended Complaint, including Next's competitors, to uncover Next's confidential business idea.

know it, as well as outside partners that sign a non-disclosure agreement. *See LivePerson, Inc. v. 24/7 Customer, Inc.*, No. 14 CIV 1559, 2015 WL 249329 at *11 (S.D.N.Y. Jan. 16, 2015) (explaining that the use of confidentiality provisions in contracts indicates the confidential nature of technology).

And this information should not be disclosed publicly where it will be available to Next's competitors. *See Sullivan Mktg, Inc. v. Valassis Inc.*, No. 93 CIV 6350 (PKL), 1994 WL 177795, at *2 (S.D.N.Y. 1995) (finding that knowledge of a party's confidential information would give its competitors an unwarranted advantage in the market). This information is extremely valuable to Next, and that value is based on the fact that it is kept secret. *See In re Iowa Freedom of Information Council*, 724 F.2d 658, 663 (8th Cir. 1983) (Trade secrets "are a peculiar kind of property. Their only value consists in their being kept private. If they are disclosed or revealed, they are destroyed.") Thus, an order sealing the non-redacted version of the amended complaint and allowing the original to remain under seal is appropriate because disclosure would cause unfair damage to Next's business interests.

Further, there is no countervailing reason to publicly disclose Next's trade secrets. The original and amended complaints, as redacted, put the public on notice of Next's claims as the redactions are limited to those that contain trade secrets or confidential business information. *See In re Zyprexa Prods. Liability Litig.*, 2007 WL 2340793 at *1 (The filing of a complaint in which references to trade secrets and confidential commercial information "are redacted serves the twin purposes of allowing public access to information … and protecting parties from unnecessary disclosure of information which could cause them 'annoyance, embarrassment, oppression, or undue burden and expense.'") (internal citations omitted).

Accordingly, Next has shown good cause for the Court to keep its trade secrets confidential, and the Court should issue an order allowing Next to file the non-redacted version of its Amended Complaint under seal, and allow Next's original complaint to remain filed under seal.

Respectfully Submitted,

Daniel Foodman

Enclosure
cc: counsel of record