UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Next Communications, Inc. and NxtGn, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Viber Media S.à r.l., <br><br> Defendant. | Civil No. 1:14-CV-8190 (RJS) |

**DEFENDANT VIBER MEDIA S.À R.L.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO FILE
UNREDACTED VERSIONS OF: (i) "DEFENDANT VIBER MEDIA S.Á R.L.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
PLAINITFFS' AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); AND
DEFENDANT'S POSITION ON JURISDICTION AND VENUE",
AND (ii) PLAINTIFFS' AMENDED AND ORIGINAL COMPLAINTS
<u>ATTACHED AS EXHIBITS THERETO</u>**

## PRELIMINARY STATEMENT

Consistent with the position previously taken by Defendant Viber Media S.à r.l. ("Viber") in this case that none of the allegations in the Amended Complaint or Original Complaint filed by Plaintiffs Next Communications, Inc. ("Next Communications") and NxtGn, Inc. ("NxtGn," and with Next Communications, collectively, "Next") contain any trade secrets or proprietary information that require redaction, Viber seeks leave to file unredacted versions of: (i) "Defendant Viber Media S.à r.l.'s Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6); and Defendant's Position on Jurisdiction and Venue" ("Motion to Dismiss Memo"), and (ii) Plaintiffs' Amended Complaint attached as an exhibit thereto and Original Complaint attached as exhibit to the Declaration of Susan M. Schlesinger in support of Viber's Memo dated April 20, 2015 ("Schlesinger Declaration").

## ARGUMENT

There is "… a long-established common law right of public access to 'judicial documents.'" *Macromavens, LLC v. Deutsche Bank Securities, Inc.*, 2011 WL 1796138 at *1 (S.D.N.Y. 2011) *citing Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). As evidenced by Viber's letter to the Court dated March 10, 2015 (Dkt. #25); the Court's Order dated March 13, 2015 (Dkt. # 28); "Defendant Viber Media S.à r.l.'s Memorandum of Law in Opposition to Plaintiffs' Motions to (i) Redact and File Under Seal Portions of Their Motion for Redaction; and (ii) Redact Portions of the February 13, 2015 Court Conference Transcript and File the Unredacted Version Thereof Under Seal" submitted to the Court on April 13, 2015 ("Opposition to Redaction Memo"); and Viber's Motion to Dismiss Memo, Viber maintains its position that Plaintiffs have not alleged or disclosed any information that requires redaction in

their Original Complaint or Amended Complaint, the transcript of the Court's pre-motion conference on February 13, 2015 or in their various motion papers seeking redaction.

Viber is filing the following documents in redacted form: Viber's Motion to Dismiss Memo; the copy of Plaintiff's Amended Complaint attached to Viber's Motion to Dismiss Memo; and the copy of Plaintiffs' Original Complaint attached to the Schlesinger Declaration. Viber is filing such documents in redacted form in light of the Court's Order of March 18, 2015 (Dkt. # 30) staying Plaintiffs' filing of unredacted versions of their Amended Complaint and Original Complaint in view of Plaintiffs' pending motion for reconsideration with respect to such order.

Plaintiffs' motion for reconsideration is *sub judice*. As such, out of an abundance of caution, Viber has redacted those portions of the foregoing documents containing materials which Plaintiffs' are seeking to file with the Court under seal.

Such redactions should not be construed to mean that Viber has changed its position with respect to Plaintiffs' proposed redactions. Rather, Viber seeks leave to file unredacted versions of such documents, in keeping with Viber's above-mentioned Opposition to Redaction Memo and Motion to Dismiss Memo. As further discussed in such previous Viber submissions, there is no valid basis for Plaintiffs to seal the unredacted versions of their original Complaint or Amended Complaint. Viber's view in this regard was previously confirmed by the Court's Order entered on March 14, 2015 (Dkt. #28) (the "Order"). In keeping with such Order, (which is the subject of Plaintiffs' pending motion for reconsideration), Viber should be allowed to file the unredacted versions of such pleadings in open court. As the Court noted in the Order, Plaintiffs "have not met their burden to show that the redacted information would in fact constitute a trade secret that would warrant sealing". *Id, p.2.*

## CONCLUSION

Accordingly, Viber respectfully requests that it be allowed to file unredacted versions of Viber's Motion To Dismiss Memo, Plaintiffs' Amended Complaint attached as an exhibit thereto and Plaintiffs' Original Complaint attached as an exhibit to the Schlesinger Declaration, and that the Court grant Viber such other and further relief as it deems just and proper.

Dated: New York, New York
      April 20, 2015

                                       /s/ Jeffrey P. Weingart
                                      Jeffrey P. Weingart
                                      Jeffrey A. Kimmel
                                      Susan M. Schlesinger
                                      **MEISTER SEELIG & FEIN LLP**
                                      125 Park Avenue, 7th Floor
                                      New York, New York 10017
                                      Telephone: (212) 655-3500
                                      Facsimile: (212) 655-3535
                                      Email: jpw@msf-law.com
                                                    jak@msf-law.com
                                                    sms@msf-law.com

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on April 20, 2015, a copy of the foregoing Defendant Viber Media S. à r.l.'s Memorandum of Law in Support of Motion to File Unredacted Version of "Defendant Viber Media S. à r.l.'s Memorandum of Law in Support of Its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6); and Defendant's Position on Jurisdiction and Venue" dated April 20, 2015 was filed electronically using the Court's electronic filing system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: April 20, 2015                                                       /s/ Susan M. Schlesinger
                                                                               Susan M. Schlesinger