USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04.20.15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEXT COMMC'NS, INC. and NXTGN, INC.,

Plaintiffs,

-v-

VIBER MEDIA, SARL,

Defendant.

No. 14-cv-8190 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Now before the Court is Plaintiffs' motion for reconsideration of the Court's March 13, 2015 order directing Plaintiffs to file unredacted versions of the original Complaint (Doc. No. 1) and the Amended Complaint by March 20, 2015. For the reasons set forth below, Plaintiffs' motion is denied.

"A motion for reconsideration . . . 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Atl. Recording Corp. v. BCD Music Grp., Inc.*, No. 08-cv-5201 (WHP), 2009 WL 2046036, at *1 (S.D.N.Y. July 15, 2009) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Alternatively, a motion for reconsideration may be granted to 'correct a clear error or prevent manifest injustice.'" *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (quoting *Griffin Indus., Inc. v. Petroiam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). Importantly, a motion for reconsideration "may not be used to advance new facts, issues[,] or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating

issues already decided by the Court." *Am. ORT, Inc. v. ORT Israel*, No. 07-cv-2332 (RJS), 2009 WL 233950, at *3 (S.D.N.Y. Jan. 22, 2009) (quotation marks omitted); *accord Kahala Corp. v. Holtzman*, No. 10-cv-4259 (DLC), 2011 WL 1118679, at *1 (S.D.N.Y. Mar. 24, 2011) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001)). Finally, "[t]he standard for reconsideration is strict and the decision is 'within the sound discretion of the district court.'" *Atl. Recording*, 2009 WL 2046036, at *1 (internal quotation marks omitted).

Plaintiffs argue that the Court (1) erroneously looked solely to Plaintiffs' pleadings to make factual determinations, (2) improperly determined the weight of the presumption of public access to judicial documents, and (3) failed to properly weigh Plaintiffs' legitimate privacy interests. Contrary to Plaintiffs' representation, however, the Court did not make any "factual determinations" or "evidentiary rulings" in denying their sealing request. The Court's March 13 Order concluded that "Plaintiffs have not met their burden to show that the redacted information *would* in fact constitute a trade secret that *would* warrant sealing." (Doc. No. 28 at 2 (emphasis added).) The Court's holding was a legal conclusion that Plaintiffs had not adequately alleged facts that *would if proven* constitute a trade secret entitled to sealing. Moreover, Plaintiffs fail to cite *any* "controlling decisions or data that the court overlooked" in its March 13 Order.

As for Plaintiffs' arguments that the Court improperly weighed the public's interest in access to judicial documents against Plaintiffs' interest in sealing portions of their Complaint and Amended Complaint, Plaintiffs have fallen far short of the "strict" standard for reconsideration and instead have chosen to "re-litigat[e] issues already decided by the Court." Complaints are quintessential "judicial documents" to which the "strong presumption of [public] access" applies. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119, 121 (2d Cir. 2006). After reviewing Plaintiffs' briefing, the Court was and remains unpersuaded that Plaintiffs have sufficiently

articulated the competitive harm they would suffer from full disclosure of the Complaint and Amended Complaint, such that their privacy interests *may* overcome the presumption of open records. Plaintiffs' supporting cases all speak of the Court's *discretion* to seal the pleadings in a trade secret action when the party seeking sealing has made the requisite showing. Again, these cases do not amount to "controlling decisions or data that the court overlooked" that would entitle Plaintiffs to reconsideration of the Court's March 13 Order.

Accordingly, IT IS HEREBY ORDERED THAT Plaintiffs' motion for reconsideration of the Court's March 13 Order is denied. IT IS FURTHER ORDERED THAT Plaintiffs shall file unredacted versions of the original Complaint, Amended Complaint, and all briefing, exhibits, and declarations in support thereof by April 24, 2015.

SO ORDERED.

Dated: April 17, 2015
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE