May 13, 2016

**Via ECF and Electronic Mail**

Honorable Richard J. Sullivan
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007
*sullivannysdchambers@nysd.uscourts.gov*

      Re:    *Next Communications, Inc. and NxtGn, Inc. v. Viber Media S.á r.l.,*
              1:14-cv-08190-RJS

Dear Judge Sullivan:

      Pursuant to your Honor's instructions set forth the Minute Entry dated April 29, 2016 concerning the parties' conference with the Court on such date, and in accordance with your Honor's comments during such conference (the "Conference") as memorialized in the transcript thereof (the "Transcript") (Dkt. #81), the parties respectfully submit this letter and attached proposed Revised Case Management Plan (the "Plan") for the Court's consideration.

      As reflected in the Plan, at the Court's direction, the parties propose to bifurcate pre-trial discovery as the Court discussed during the Conference. However, as set forth below and in the proposed Plan, the parties have not been able to come to agreement on what approach to such bifurcation is appropriate in light of your Honor's instructions. Accordingly, the parties are proposing alternative approaches in the Plan which differ in several respects, for your Honor's consideration.

      Defendant Viber Media S.á r.l. ("Viber") proposes that during the first phase of discovery, as set forth in the Plan ("Phase I"), Plaintiffs Next Communications, Inc. and NxtGn, Inc. (collectively, "Next"), will produce to Viber all materials and information which they allege (i) were disclosed and/or provided to Viber, and (ii) contain and/or constitute trade secrets or confidential information of Next, including, without limitation, the alleged Proprietary Information, the NxtGn Proprietary Technology, the NxtGn App, and the Celebrity Event Management business idea, as such terms are used in the Amended Complaint (collectively, the "Phase I Production"). Viber believes that this approach is in keeping with your Honor's concerns and instructions discussed during the April 29th conference. Notably, it is Viber's position that during the conference, your Honor adopted the concept of bifurcation of discovery into two phases, with the first phase consisting of production by Next of exactly what it claims was disclosed or provided to Viber that Next alleges is a trade secret or covered under the parties' NDA so that

there will not be any question about the metes and bounds of Next's claims. In contrast, in Viber's view, Next's proposal below amounts to a vague, incomplete disclosure (in the form of "identify" without necessarily any production at all) leaving open the question of whether there is other information or materials which allegedly form the basis of Next's trade secret or breach of contract claims. It is Viber's position that Next's suggested approach in this regard is more akin to a pre-discovery identification of trade secrets similar in nature to the descriptions set forth in the Amended Complaint, rather than actual discovery. Viber's concern is that Next's approach would continue to leave open the question of what specific disclosures, materials and information are the crux of Next's claims, and therefore misses the whole point of the exercise, *i.e.*, "…Next has to nail down what it is it gave to Viber that it believes were trade secrets and how and when those were conveyed". *See* Transcript, p. 13 (Dkt. #81).

Next's proposal for Phase I, as set forth in the Plan, is that Next produce to Viber materials sufficient to identify with reasonable particularity the information they allege (i) were disclosed and/or provided to Viber, and (ii) which are alleged in the Next's Amended Complaint to contain and/or constitute trade secrets or confidential information of the Next, including, without limitation, the alleged Proprietary Information, the NxtGn Proprietary Technology, the NxtGn App, and the Celebrity Event Management business idea, as such terms are used in the Amended Complaint, as well as how and when that information was conveyed to Viber. Based upon its review of pages 12-16 of the transcript (Dkt. #81), Next believes that this will accomplish the Court's objective of requiring Next to identify the trade secrets and confidential information at issue in this litigation before proceeding to the second phase of discovery. Next deems the discovery sufficient to identify the trade secrets and confidential information at issue in this litigation the "Phase I Production".

Defendant Viber further proposes that, as part of the Phase I Production to Viber, Plaintiffs will identify with particularity in writing to Viber which parts, if any, of the Phase I Production constitute Proprietary Information or trade secrets of the Next. To the extent that Plaintiffs claim that portions of the Phase I Production constitute Proprietary Information or trade secrets owned or controlled by third parties referenced in the Amended Complaint, and not by Next, Next will identify with particularity in writing to Viber such portions and what party is alleged to own or control such portions. Defendant Viber further proposes that, as part of Phase I, Viber will be entitled to conduct a Rule 30(b)(6) deposition of Next in order to confirm the scope and basis for such claims.

Next believes that Viber's further proposal for Phase I discovery is (1) duplicative and (2) goes beyond the Court's direction that Next identify the trade secrets and confidential information at issue in this case before proceeding to Phase II. For the reasons set forth above, Viber disputes this characterization.

The parties agree that no other discovery shall be conducted during Phase I.

Following the end of Phase I, the parties respectfully request that the Court convene an interim conference in order to discuss the results of such phase. Depending on the nature and

scope of the Phase I Production, the Court will then determine how the parties are to proceed with the next phase of discovery in accordance with the proposed schedule set forth in the Plan ("Phase II").

The parties propose that during Phase II, Next shall have the right to obtain discovery from Viber, and Viber shall have the right to obtain further discovery from Next, in all events proportional with the needs of the case. The parties propose that they both shall also have the right to pursue third-party discovery during Phase II, as appropriate.

The parties' proposed schedule for conducting and completing Phase I and Phase II is set forth in the attached Plan. The schedule reflects that Next identified a number of third-party entities and individuals, some of whom reside in Israel or other foreign countries, or out of state, as allegedly having participated in the events alleged in the Amended Complaint and/or as allegedly possessing information or materials concerning such allegations. The parties anticipate that it will be necessary to obtain documents and deposition testimony from a number of third parties.

In light of the foregoing, the parties hereby respectfully submit the attached Plan for the Court's consideration, and further respectfully request that the Court So Order those portions of the Plan that it deems appropriate under the circumstances.

Respectfully Submitted,

*/s Daniel Foodman*                              */s Jeffrey Weingart*
Daniel Foodman                                    Jeffrey P. Weingart
WNF Law, P.L.                                     Meister Seelig & Fein LLP
*Attorneys for Next Communications, Inc.*         *Attorneys for Viber Media, S.a.r.l.*
*and NxtGn, Inc.*

[5727-123/4987594/1]