UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Next Communications, Inc. and NxtGn, Inc.,

                  Plaintiff,

-v-

Viber Media, Inc.,

                  Defendant.

No. 14 Civ. 08190 (RJS)

CASE MANAGEMENT PLAN AND
SCHEDULING ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-23-16

RICHARD J. SULLIVAN, District Judge:

       Pursuant to Rules 16- 26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1. All parties __do not__ *[do/do not]* consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c). *[Please choose one. If all parties consent, the remainder of the Order need not be completed at this time.]*

2. This case __is__ *[is/is not]* to be tried to a jury. *[Please choose one.]*

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than __Initial Disclosures have already been completed.__ *[Absent exceptional circumstances, within fourteen (14) days of tile date of the parties' conference pursuant to Rule 26(f).]*

6. All *fact* discovery is to be completed no later than __March 3, 2017__. *[A period not to exceed one hundred twenty (120) days unless the case presents unique complexities or other exceptional circumstances.]*

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

8. Fact discovery shall be bifurcated as set forth below.

9. Phase I of Discovery:

   During the first phase of discovery ("Phase I"), Plaintiffs Next Communications, Inc. and NxtGn, Inc. (collectively, the "Plaintiffs") shall produce to Defendant Viber Media S.á r.l. ("Viber") all materials and information which they allege (i) were disclosed and/or provided to Viber, and (ii) contain and/or constitute trade secrets or confidential information of the Plaintiffs, including, without limitation, the alleged Proprietary Information, the NxtGn Proprietary Technology, the NxtGn App, and the Celebrity Event Management business idea, as such terms are used in the Amended Complaint (collectively, the "Phase I Production").

10. As part of the Phase I Production to Viber, Plaintiffs shall identify with particularity in writing to Viber which parts, if any, of the Phase I Production constitute Proprietary Information or trade secrets of the Plaintiffs. To the extent that Plaintiffs claim that portions of the Phase I Production constitute Proprietary Information or trade secrets owned or controlled by third parties, and not by Plaintiffs, Plaintiffs shall identify with particularity in writing to Viber such portions and what party is alleged to own or control such portions. Plaintiffs shall produce the materials and information required in paragraphs 9 and 10 of this Case Management Plan to Viber by June 30, 2016.

11. As part of Phase I, Viber will then be entitled to conduct a Rule 30(b)(6) deposition of Plaintiffs in order to confirm the scope and basis for such claims.

12. No other discovery shall be conducted during Phase I. Phase I shall be completed, and shall end, as of August 23, 2016.

13. Phase II of Discovery: During Phase II of discovery ("Phase II"), Plaintiffs shall have the right to obtain discovery from Viber, and Viber shall have the right to obtain further discovery from Plaintiffs, in all events proportional with the needs of the case. All parties shall also have the right to pursue third-party discovery during Phase II, as appropriate. Phase II, including all fact witness depositions, shall be completed no later than March 3, 2017.

14. Interrogatories shall be served during Phase II only, no later than September 15, 2016.

15. Requests to Admit shall be served during Phase II only, no later than September 15, 2016.

16. All *expert* disclosures, including reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

    a. Expert(s) of Plaintiff(s):  March 31, 2017.

    b. Expert(s) of Defendant(s):  April 28, 2017.

17. All discovery shall be completed no later than June 17, 2017.

18. The Court will conduct a post-discovery conference on 09/09/16 @ 10 a.m. *[To be completed by the Court.]*

19. If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted by 08/23/16. *[To be completed by the Court.]* Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of submission of the initial pre-motion letter. Pre-motion letters and responses shall be submitted pursuant to Rule 1.A of the Court's Individual Practices.

20. If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

21. Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request: *[Please check one. All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.]*

    a.   __X__   Referral to a Magistrate Judge for settlement discussions

    b.   _____   Referral to the Southern District's Mediation Program

    *[Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b) above.]*

    The parties are to contact Judge Netburn by 06/28/16.
    ***[To be completed by the Court after consultation with the parties.]***

22. Parties have conferred and their present best estimate of the length of trial is 5 days.

23. In the case of a discovery dispute, unless otherwise directed, parties should describe their discovery disputes in a single letter, jointly composed, not to exceed five pages. Separate and successive letters will not be read. Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support. As a general matter, affidavits or exhibits are not permitted in connection with discovery dispute letters without prior written request and permission. However, when the dispute concerns the refusal to respond to a specific written request, the parties shall attach that request. If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within seventy-two (72) hours of a party's request, a party may submit

a letter without the opposing party's contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

24. No request for an extension of the deadlines set forth in Paragraphs 6, 10, 12, 13 or 17 shall be granted unless the parties seeking the extension show good cause for the extension and specifically explain (1) what discovery has already been completed, (2) what discovery remains to be done, and (3) why the parties were unable to comply with the preexisting deadlines. As a general matter, the Court will not adjourn a deadline by more than the number of days remaining from the time of the request to the original deadline. (For example, if at the time of the request there are twenty (20) days left before the deadline, the Court will not adjourn the deadline more than twenty (20) days.)

SO ORDERED.

DATED: May 23, 2016
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE